**HERB STEIN, INC.,** Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 16679.

United States Court of Appeals
Sixth Circuit.

Nov. 18, 1966.

Warren Laddon, N. L. R. B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Attys., N. L. R. B., Washington, D. C., on the brief.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and THORNTON, Senior District Judge.*

PER CURIAM.

 *Universal Camera* is still the law. It continues to impose upon Courts of Appeals the "obligation to make an independent review of the whole record." See the opinion of this Court of October 4, 1966 written by Judge Edwards in National Labor Relations Board v. Checker Cab Company, 6 Cir., 367 F.2d 692, citing Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951). We quote from *Universal Camera* at page 490, 71 S.Ct. at page 466:

"We conclude, therefore, that the Administrative Procedure Act and the Taft-Hartley Act direct that courts must now assume more responsibility for the reasonableness and fairness of Labor Board decisions than some courts has shown in the past. Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function. Congress has imposed on them responsibility for assuring that the Board keeps within reasonable grounds. That responsibility is not less real because it is limited to enforcing the requirement that evidence appear substantial when viewed, on the record as a whole, by courts invested with the authority and enjoying the prestige of the Courts of Appeals. The Board's findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair

F. Wilson Chockley, Jr., Cleveland, Ohio, for petitioner, Walter, Haverfield, Buescher & Chockley, Cleveland, Ohio, on the brief.

* Thomas P. Thornton, Senior District Judge of the Eastern District of Michigan, sitting by designation.

estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both."

Petitioner asks that an order of respondent be reviewed and set aside. Respondent requests that said order be enforced. The order is based upon a finding of the Board that petitioner was guilty of two violations of the National Labor Relations Act. The Board found that petitioner discharged and failed to rehire employee Frank Ralofsky for the purpose of discouraging union membership, in violation of Section 8(a) (3) and (1) of the Act. It found that petitioner coercively interrogated an employee (Ralofsky) regarding his union activities, in violation of Section 8(a) (1) of the Act. The fact of the discharge of Ralofsky is not in dispute. The reasons for the discharge are. The fact of the alleged interrogation (by Stein, Jr.) was testified to by Ralofsky and emphatically denied by Stein, Jr. Whether or not it took place depends upon the non-credibility of one of these two men. We are not in a position to judge the veracity of either. We will, therefore, for purposes of this discussion, assume that there was some sort of interrogation of Ralofsky by Stein, Jr. relating to a particular activity by Ralofsky at or about the time when respondent contends it took place. We are in a position, however, to draw reasonable inferences from the facts as they were presented to the Trial Examiner and as they are set forth by him in his 34-page Decision which was adopted by the Board.

■■ The background of this matter is detailed with particularity in the 34 pages. Is there substantial evidence on the record considered as a whole to support the Board's finding (1) that petitioner discharged employee Ralofsky to discourage membership in a union, and (2) that petitioner coercively interrogated employee Ralofsky about union activities? "The direction in which the law moves is often a guide for decision of particular cases, and here it serves to confirm our conclusion. However halt-

ing its progress, the trend in litigation is toward a rational inquiry into truth, in which the tribunal considers everything 'logically probative of some matter requiring to be proved.'" Universal Camera Corp. v. N.L.R.B., supra, page 497, 71 S.Ct. page 469. Thanks to the detailed treatment given this matter by the Trial Examiner we are able to say that an attempt at a "rational inquiry into truth" convinces us that the facts as they appear in this record are not "logically probative" of the "matter requiring to be proved." Substantial evidence does not appear in the record to support the Board's finding on either of the two alleged violations. The most that can be said on either score is that there is perhaps a scintilla of evidence in support of respondent's rulings which, of course, will not suffice. Universal Camera Corp. v. N.L.R.B., supra. We are unable to construe the alleged interrogations as coercive. We are also unable to find a substantial basis for attributing the discharge of Ralofsky to an anti-union motivation. The record convinces us that the least persuasive ground of several possible ones for discharging Ralofsky is one related to union activities.

The petition to review and set aside the order of the Board is granted.